FIRST NAT. BANK OF SCOTTDALE v. BLACKBURN.

In re KENNEY.

(Circuit Court of Appeals, Third Circuit. March 11, 1919.)

No. 2420.

1. BANKRUPTCY ⬤165(1)—PREFERENCE—INDIRECT PAYMENT.

Where joint maker of a note, after becoming bankrupt, paid its face value to the other maker, who in turn paid payee, the payment may be recovered as a preference, if payee bank had reasonable cause to believe transfer would effect a preference, for the circuitous method of payment does not defeat recovery.

2. BANKRUPTCY ⬤165(1)—PREFERENCE—REQUESTED INSTRUCTION.

A requested instruction, that money paid by bankrupt while insolvent could not be recovered as a preference, unless it was paid to discharge a primary indebtedness of the bankrupt, held erroneous.

In Error to the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

Action by A. W. Blackburn, trustee in bankruptcy, of the estate of John Franklin Kenney, against the First National Bank of Scottdale. Judgment for plaintiff, and defendant brings error. Affirmed.

The eighth assignment of error is as follows:

(8) The court erred in refusing to affirm the seventh point of the defendant, to wit:

"7. If the jury believe from the evidence that the $600 note, which is a part of the $3,100 paid to the bank on October 30, 1914, was not a primary indebtedness of J. F. Kenney, the bankrupt, the bank, the defendant in this case, cannot be charged with receiving said amount in preference to Kenney's other creditors."

Edmond Englert, of Pittsburgh, Pa., for plaintiff in error.

Lowrie C. Barton, of Pittsburgh, Pa., for defendant in error.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and THOMSON, District Judge.

THOMSON, District Judge. The First National Bank of Scottdale seeks by this appeal to reverse the judgment of the court below, which is based upon an alleged illegal preference obtained by the appellant in the bankrupt estate of John Franklin Kenney. The material facts are these: Kenney, the bankrupt, since 1912, was engaged in the ladies' and gents' furnishing business in Scottdale, Pa.; the business being managed by one Falk. Kenney borrowed certain mon-

eys from the appellant bank, on notes which from time to time were renewed, three of which form the basis of the plaintiff's claim. These notes were signed by Kenney and Falk as joint makers, with a responsible indorser on each note. On the stock of goods insurance had been taken out by Kenney in six different companies, in the aggregate amount of $8,500. On May 24, 1914, a fire occurred; the loss on the goods being adjusted pro rata among the insurance companies. On October 6, 1914, involuntary proceedings in bankruptcy were commenced against Kenney, in which, on July 6, 1915, he was adjudged a bankrupt. At the date of the filing of the petition, Kenney was indebted to the bank on notes, executed in the manner aforesaid, in the sum of $3,650. One of these, for $550, having afterwards been paid by the indorser, is eliminated from this case, leaving the indebtedness to the bank material here $3,100, represented by three notes, of $1,500, $1,000, and $600, respectively.

After the adjustment of the loss, and before the bankruptcy proceedings, the policies were assigned by Kenney to the cashier of the appellant bank; the acceptance of such assignments, however, being denied by the bank. After the date of the bankruptcy proceedings, to wit, on October 26, 1914, two vouchers, each in the sum of $1,822.23, were drawn for the insurance moneys, one to the order of Charles Louchs, cashier of the bank, assignee of Kenney, and the other to the order of Kenney and Louchs, cashier. These vouchers were sent to Kenney, and after proper indorsement were delivered to the bank, which collected them; the proceeds, on October 30, 1914, being deposited by the bank in the account of Kenney. On the same day Kenney drew his check on the said fund to Falk for $3,100, who thereupon deposited the check in his own account in the appellant bank, and on the same day drew his check thereon to the bank; paying off in fulll the three notes, amounting to $3,100, on which he and Kenney were the joint makers. The trustee of Kenney brought suit against the bank to recover this $3,100, on the ground that it was an illegal preference, and obtained judgment in the court below.

[1] The payment to the bank was made after the proceedings in bankruptcy were commenced and when Kenney was insolvent. It was made indirectly by Kenney by the hand of Falk, but "circuity of arrangement does not avail to defeat it." It was made out of Kenney's funds, by which his estate was diminished, which fact, under all the circumstances, the bank must have known. The effect of the payment was to enable the bank to receive a greater percentage of its debt than other creditors of the same class. We have present, then, all the elements which, under the act of Congress (Act July 1, 1898, c. 541, § 60, 30 Stat. 562, as amended [Comp. St. § 9644]), constitute a preference. This being true, such preference is voidable at the instance of the trustee, if the bank, at the time it received the money, had reasonable cause to believe that the enforcement of the transfer would effect a preference. This question of fact was submitted to the jury under proper instructions, and was found against the appellant.

Appellant's counsel insist that Falk doubtless received a preference

from Kenney, and that the trustee of Kenney could proceed against him, but that this does not apply to the bank; that the latter received its money when tendered by Falk, as it was compelled to do, and that in the absence of fraud or conspiracy to defraud, there is nothing to fix a preference against the bank. To sustain this contention, the case of National Bank of Newport v. National Herkimer County Bank, 225 U. S. 178, 32 Sup. Ct. 633, 56 L. Ed. 1042, is cited. The case does not sustain appellant's contention. The payment there made did not proceed, either directly or indirectly, from the bankrupt, and the bankrupt's estate was in no manner depleted thereby. The payment was made by a third party out of its own funds, its standing being separate and apart from that of the bankrupt. The very reverse is true in the case at bar. While the payment was made by Falk it was not his money, but the bankrupt's; the payment depleting the bankrupt's estate, and the creditor being benefited thereby.

[2] The fourth, fifth, and sixth assignments of error were withdrawn at the argument. It would have been error to have given the instruction called for in the eighth assignment. In the second, third, and seventh assignments the court was asked to give binding instructions for the defendant. Such instruction would have been wholly unwarranted under the evidence.

Finding no error in the record, the judgment is affirmed.